# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>Iowa Hotel Investors, LLC,<br><br>  Debtor. | Chapter 11<br><br>Case No. 11-01836<br><br>EMERGENCY MOTION TO USE CASH COLLATERAL |

COMES NOW the Debtor, Iowa Hotel Investors, LLC (hereinafter the "Debtor"), by and through its proposed, undersigned counsel, and hereby requests the Court enter an Order authorizing it to use cash collateral for the purpose of continuing its hotel operations and in support thereof states as follows:

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1408.

2. The Debtor was organized under the laws of Ohio and operates in Iowa under Iowa Code § 489 as a foreign limited liability company. The Debtor owns and operates a hotel known as Country Inn & Suites located in Waterloo, Black Hawk County, Iowa.

3. On August 5, 2011, Debtor filed a petition under Chapter 11 of the Bankruptcy Code. The Debtor remains in possession of its assets and intends to operate as a Debtor-in-Possession under Chapter 11.

**Background**

4. The Debtor was organized in Ohio by Matthew R. Studer on or about March 12, 2007, and applied for authority to operate as a foreign company in Iowa on or about April 10,

2007. The Debtor renewed its authority to operate on August 18, 2009. John Wiggans and Mark Taylor were investors and members of the Debtor.

5. The Debtor was formed to purchase, own, and operate a hotel in Waterloo, Iowa. The Debtor operates the Carlson Hotel Country Inn & Suites, a sixty-four unit hotel.

6. The Debtor purchased the hotel in 2007 through a sales/purchase agreement. In order to finance the purchase of the hotel, the Debtor executed a promissory note in the amount of $4,100,000.00 payable to Greenwich Capital Financial Products, Inc. (hereinafter "Greenwich"). Along with the promissory note, the Debtor executed a mortgage, an assignment of rents, and a security agreement pledging assets to Greenwich. Contemporaneously with the execution of the promissory note and security documents, Iowa Hotel Investors II, LLC, an Ohio company with the same owners and members executed a promissory note, mortgage, assignment of rents, and a security agreement with Greenwich for financing the purchase of a hotel in Cedar Falls, Iowa. The security documents provide that the indebtedness is cross-collateralized by both hotels.

7. In 2008, Wiggans and Taylor purchased the interests of the other members of the Debtor, and became the only members and owners of the Debtor.

8. Initially, the Debtor's business was profitable, and the Debtor was able to make payments on the indebtedness on the promissory note. In particular, 2008 was an excellent year for the Debtor and for the hotel industry. However, revenue dropped beginning in 2009, and the downturn in the economy as a whole adversely affected the Debtor's profitability. Through the stabilization of the economy and the modest upswing, the Debtor anticipates that it can successfully reorganize and return to profitability.

### Generation of Cash Collateral

9. The Debtor continues to operate its Country Inn & Suites, located at 4025 Hammond Avenue, Waterloo, Iowa. The hotel has a heated indoor pool and spa, a fitness center, laundry facilities, and breakfast area.

10. The Debtor projects average occupancy for the remainder of 2011 to be 70.38%, with occupancy for August being at 79% with a seasonal decline through December. Monthly room revenue for August through December 2011 averages $121,929.00. The Debtor also anticipates receiving miscellaneous monthly revenue of between approximately $1,100.00 and $1,200.00 for August through December 2011. Total projected revenue for the remainder of 2011 is $609,646.00. Attached as Exhibit "1" and incorporated herein in its entirety is the Debtor's projected budget for August through December 2011.

11. In order to generate the projected revenue, the Debtor will incur expenses for labor, utilities, telephone, supplies, services, maintenance, taxes, fuel, insurance, management fees, training, promotion, and other necessary good and services. The Debtor estimates its monthly expenses for August through December 2011 will range between a high of $97,087.00 and a low of $87,935.00 with the monthly average being $93,292.00. Total projected cost of production for the remainder of 2011 is $466,465.00. See Exhibit "1".

### Secured Creditor with Interests in Cash Collateral

12. US Bank National Association ("US Bank") is the last and current Assignee of the promissory note, mortgage, assignment of rents, and security agreement that the Debtor executed in favor of Greenwich. US Bank has a security interest in cash collateral by virtue of the Assignment of Rents dated April 20, 2007.

## Use of Cash Collateral

13. Section 363 of the Bankruptcy Code provides that a Debtor-in-Possession under Section 1203 may use property of the bankruptcy estate in the ordinary course of business without notice or a hearing. However, cash collateral cannot be used unless:

    (A) each entity that has an interest in such cash collateral consents; or
    (B) the Court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

14. The Debtor proposes to use cash collateral in the ordinary course of business for post-petition operating expenses, as set forth in Exhibit "1", as payment for each expense comes due. Said expenses are necessary to preserve the value of the property of the bankruptcy estate for the benefit of all the creditors and preserve the value of the secured creditor's collateral including the real property, fixtures, equipment, inventory, and going concern value.

15. The Debtor has an immediate need to pay its vendors for goods and services purchased subsequent to the petition date. The Debtor must also pay for the labor necessary to operate the hotel and maintain the equipment and real property.

16. The Debtor currently has reservations for rooms on an ongoing basis and continues to take reservations. If the Debtor does not receive authority to use cash collateral, it will need to lay-off staff and cancel hotel reservations. The disruption of business would result in irreparable harm to the bankruptcy estate.

17. The Debtor proposes to grant to US Bank replacement liens in cash collateral and accounts receivable in the same priority that existed as of the date of the filing to the extent that cash collateral is used.

18. It is imperative that the Debtor have access to and the use of cash collateral on an interim basis in order to remain in operation and preserve the property of the bankruptcy estate.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order authorizing it to use cash collateral to pay expenses incurred in the ordinary course of business as set forth above and that this Court grant such other and further relief as it deems equitable, given the circumstances.

Dated this 5th day of August, 2011.

        Respectfully submitted,

        DAY RETTIG PEIFFER, P.C.

        /s/ Ronald C. Martin
        Joseph A. Peiffer   AT0006160
        Bruce A. Erusha   AT0002413
        Ronald C. Martin   AT0005050
        PO Box 2877
        Cedar Rapids, Iowa   52406-2877
        Telephone: (319) 365-0437
        FAX: (319) 365-5866
        E-mail: joep@drpjlaw.com
        bruce@drpjlaw.com
        ronm@drpjlaw.com
        ATTORNEYS FOR DEBTORS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that a copy of this document was served upon, mailed, or delivered to counsel of record, debtor and other parties of interest listed on the attached sheet not served by the Bankruptcy Court's electronic noticing system in compliance with Bankruptcy Rules 7004 and 9014 on the 5th day of August, 2011.

        Signed: /s/ Laurie Richardson

**Case No. 11-01836  Notice will be electronically served through ECF to:**

Eric W. Lam on behalf of Creditor CW Capital Asset Management LLC
ELam@simmonsperrine.com, tdomeyer@simmonsperrine.com;ktheusch@simmonsperrine.com

United States Trustee
USTPRegion12.CR.ECF@usdoj.gov

**Case No. 11-01836  These parties will be served by e-mail or U.S. Mail:**

Lynn Wickham Hartman on behalf of Creditor US Bank, NA
Simmons Perrine Moyer Bergman PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
lhartman@simmonsperrine.com

John E Waters on behalf of Creditor Iowa Department of Revenue
P.O. Box 10457
Des Moines, Iowa  50306
IDRBankruptcy@Iowa.gov