## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | Chapter 11 |
| IOWA HOTEL INVESTORS, LLC, | No. 11-01836 |
| Debtor. | The Honorable Thad J. Collins |

### MOTION TO DESIGNATE PROCEEDING
### AS A SINGLE ASSET REAL ESTATE CASE

U.S. Bank National Association, as Trustee, as successor in interest to Bank of America, N.A., as Trustee for the registered holders of GS Mortgage Securities Corporation II, Commercial Mortgage Pass-Through Certificates, Series 2007-GG10 ("Lender"), by and through its undersigned counsel, and pursuant to 11 U.S.C. § 101(51B), submits its Motion to Designate Proceeding as a Single Asset Real Estate Case (the "Motion"), and in support thereof respectfully represents as follows:

### JURISDICTION

1.     This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

2.     The legal predicates upon which relief is requested are Section 101(51B) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9013.

### BACKGROUND

3.     On August 5, 2011 (the "Petition Date"), Iowa Hotel Investors, LLC ("Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. Debtor did not designate this case a single asset real estate case on its bankruptcy petition.

4.     Debtor's only asset is the Country Inn & Suites, a limited service hotel located in Waterloo, Iowa (the "Hotel").

5.     The Hotel, together with all rents and profits derived from its operation, secure the indebtedness incurred by Debtor prior to the Petition Date and evidenced by, among other things: (a) that certain Promissory Note dated April 20, 2007 in the original principal amount of $4,100,000.00 (the "Note"); (b) that certain Mortgage, Assignment of Rents and Security Agreement, dated April 20, 2007 (the "Mortgage"); and (c) that certain Assignment of Leases and Rents, dated April 20, 2007 (the "Assignment" and together with the Note, Mortgage and all other documents evidencing, securing or relating to the indebtedness, the "Loan Documents.").

6.     Through a series of assignments, Lender is the current the holder of the Note and owner of all other Loan Documents.

7.     On August 11, 2011, the Court entered an Agreed Interim Order Authorizing the Limited Use of Cash Collateral and Granting Adequate Protection (the "Cash Collateral Order"), through which Lender consented to Debtor's limited use of cash collateral through September 30, 2011 to operate the Hotel pursuant to a cash collateral budget (the "Budget"). *See* Docket No. 19.

8.     For the reasons set forth below, the Court should designate this case a single asset real estate ("SARE") case because Debtor generates all of its gross income from the operation of the Hotel and activities incidental thereto.

## LEGAL ARGUMENT

9.     Section 101(51B) of the Bankruptcy Code defines "single asset real estate" as:

real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by

-2-

a debtor other than the business of operating the real property and activities incidental.

11 U.S.C. § 101(51B).

10.    Courts generally apply the following three-part test in determining whether a particular property or project is SARE: (i) the subject real property must constitute a "single property or project," other than residential real property with fewer than four residential units; (ii) the real property must generate substantially all of the income of the debtor; and (iii) the debtor must not be involved in any substantial business on the real property other than the operation of such property. *See, e.g., In re Kara Homes, Inc.*, 363 B.R. 399, 404 (Bankr. D.N.J. 2007).

11.    Debtor satisfies all three criteria and the Court should designate its case a SARE case. First, Debtor's only asset, the Hotel, is a "single property or project." Although the Hotel technically comprises two separate parcels of real estate, they are both part of the same development. *See, e.g., In re Pensignorkay, Inc.*, 204 B.R. 676, 681-682 (Bankr. E.D. Pa. 1997) (characterizing adjacent parcels that are part of an overall development as single asset real estate). Second, the Hotel generates all of Debtor's income. *See* Cash Collateral Order at Exhibit A. Third, Debtor is not involved in any substantial business on the property other than the operation of the Hotel. The Budget submitted in connection with the Cash Collateral Order forecasts a total of $556,106 of gross revenue from the operation of the Hotel for August through December 2011. The overwhelming majority of that revenue—$550,392, or 99%—is derived exclusively from room rentals. Only a mere $5,714, or 1%, is derived from other miscellaneous activities related to the operation of the Hotel, such as telephone charges, meeting room rentals, vending machines and copying and faxing charges. These incidental activities do not rise to the level of a "substantial business" separate from the operation of the Hotel. *See Kara Homes*, 363

B.R. at 406 (reasoning that a substantial business other than operation of the real property exists

only if "a reasonable and prudent business person would expect to generate substantial revenues

from the operation activities – separate and apart from the sale or lease of the underlying real

estate."); *In re Costa Bonita Beach Resort, Inc.*, 2009 WL 2900035, at *4 (Bankr. D.P.R. July

24, 2009) ("The other substantial business activities or operations a debtor carries out must be

separate and distinct from owning and managing real estate.") Although the Hotel has a

swimming pool and small fitness center and serves a complimentary breakfast, none of these

activities generate any revenue for Debtor, but merely enhances its ability to generate room

revenue. Thus, they do not constitute the operation of any business other than operation of the

Hotel. Accordingly, this case fits squarely within the definition of a SARE set forth in section

101(51B) of the Bankruptcy Code.

12.     Indeed, numerous courts across the country have concluded that the operation of a

limited service hotel constitutes a SARE case. *See, e.g.*, *In re Scarlet Hotels, LLC*, 392 B.R. 698

(B.A.P. 6th Cir. 2008) (Holiday Inn designated as SARE); *In re Euro-American Lodging Corp.*,

357 B.R. 700, 707 (Bankr. S.D.N.Y. 2007) (FLATOTEL properly designated as SARE); *In re*

*5877 Poplar, L.P.*, 268 B.R. 140 (Bankr. W.D. Tenn. 2001) (Comfort Inn designated as SARE);

*In re Equitable Dev. Corp.*, 196 B.R. 889 (Bankr. S.D. Ala. 1996) (budget motel originally

operated as a Knight's Inn designated as SARE); *In re LDN Corp.*, 191 B.R. 320, 325 (Bankr.

E.D. Va. 1996) (115-room Quality Inn designated as SARE); *In re North Redington Beach*

*Assoc., Ltd.*, 91 B.R. 166, 167 (Bankr. M.D. Fla. 1988) (Hilton DoubleTree hotel with 60+

employees designated as SARE); *Lincoln National Life Ins. Co. v. Bouy, Hall & Howard &*

-4-

*Assoc.*, 1995 WL 17006338 (Bankr. S. D. Ga. 1995) (Quality Inn with lounge and restaurant

designated as SARE).[1]

13.    Because this case satisfies the three-part SARE test, the Court should designate

Debtor's bankruptcy case a SARE case.

WHEREFORE, Lender requests that the Court enter an order (i) designating Debtor's

bankruptcy case a single asset real estate case pursuant to section 101(51B) of the Bankruptcy

Code, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: August 30, 2011                    By: _____
                                          Eric W. Lam
                                          Simmons Perrine Moyer Bergman PLC
                                          115 Third Street S.E., Suite 1200
                                          Cedar Rapids, Iowa 54201
                                          Tel.: (319) 366-7641
                                          Fax: (319) 366-1917

                                          - and -

                                          David M. Neff (pro hac vice)
                                          Eric E. Walker (pro hac vice)
                                          PERKINS COIE LLP
                                          131 S. Dearborn Street, Suite 1700
                                          Chicago, IL  60603-5559
                                          Telephone:  (312) 324-8400
                                          Facsimile:  (312) 324-9400
                                          Email:  dneff@perkinscoie.com
                                                  ewalker@perkinscoie.com

                                          Attorneys for U.S. Bank National
                                          Association, as Trustee, as successor-in-
                                          interest to Bank of America, N.A., as
                                          Trustee for the registered holders of GS
                                          Mortgage Securities Corporation II,
                                          Commercial Mortgage Pass-Through
                                          Certificates, Series 2007-GG10

---

[1] In contrast, the court in *Centofante v. CBJ Dev., Inc. (In re CBJ Dev., Inc.)*, 202 B.R. 467, 472 (B.A.P. 9th Cir. 1996) held that a full service hotel was not a SARE because it generated substantial revenues from business other than renting rooms, including a restaurant, bar and gift shop.  That case is easily distinguishable from this case because Debtor operates no other such businesses at the Hotel.

60642-0401/LEGAL21612055.3

## Certificate of Service

The undersigned hereby certifies, under penalty of perjury, that a copy of the instrument to which this certificate is attached was mailed via the United States mail with postage fully paid on the ___30___ day of August, 2011, to the parties displayed on the Service List below.

*Kelly Theusch*

Joseph A. Peiffer
Ronald C. Martin
Day Rettig Peiffer, P.C.
P.O. Box 2877
Cedar Rapids, IA  52406-2877

Office of United States Trustee
Suite 400 Law Building
225 Second Street SE
Cedar Rapids, IA 52401

John Waters
Attorney at Law
P.O. Box 10457
Des Moines, IA 50306

Jeffrey P. Taylor
Stephen A. Swift
Klinger, Robinson & Ford, L.L.P.
401 Old Marion Road NE
P.O. Box 10020
Cedar Rapids, IA  52410-0020

EWL

60642-0401/LEGAL21612055.3